## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LIBERIA GLOBAL MINING COMPANY, | JUDGE: Gladys Kessler |
| GLOBAL STEEL HOLDINGS, LTD., | CASE NO: 05-1337 |
| Plaintiffs, | |
| v. | |
| GOVERNMENT OF REPUBLIC OF LIBERIA | |
| Defendant. | |

### PROPOSED ORDER

This action, commenced by plaintiffs on July 5, 2005, arises out of a twenty-five year contract for exclusive rights to develop and mine iron ore in portions of Nimba and Grand Bassa counties in the Republic of Liberia.

Before this Court is the Application of Liberia Global Mining Company and Global Steel Holdings Limited for Preliminary Injunction, Declarations and Accompanying Exhibits in support thereof, and the underlying Complaint in this action.

Having considered the foregoing papers filed in this matter, and the arguments of counsel, the Court finds that Plaintiffs are entitled to a preliminary injunction in aid of a pending request for arbitration before the International Centre for the Settlement of Investment Disputes (ICSID). The Court hereby directs the Government of Liberia and those persons or entities in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, pursuant to Fed. R. Civ. P. 65, to preserve the status quo with respect to the mineral development and associated rights and privileges encompassed by the Mineral Development Agreement ("MDA") underlying the pending arbitration request until such time as ICSID has had an opportunity to consider for itself whether to accept registration of this case and, if so, to constitute a Tribunal and to have that Tribunal consider a request for provisional measures of its own. Accordingly, the Government of Liberia is hereby enjoined, pursuant to the terms of the ordering paragraphs below, from transferring any rights under the MDA to a third party.

Plaintiffs are entitled to such relief because Plaintiffs have established that they are likely to prevail in the underlying arbitration before ICSID. Although unsigned, the drafting history and course of performance by both parties associated with the MDA indicates that the MDA will likely be found to be a binding contract between Plaintiffs and Liberia, which Liberia has taken steps to breach by attempting to award the rights thereunder to another party. An expert opinion offered by highly qualified Liberian counsel confirms that the lack of signature is not an impediment under Liberian law to finding that the contract binds Liberia.

Plaintiffs are further entitled to such relief because plaintiffs face immediate and irreparable harm. Specifically, Plaintiffs have demonstrated that absent an order preserving the status quo until ICSID may constitute a Tribunal, there is a real and imminent threat that their

rights in unique mineral assets and their ability to secure meaningful relief through contractually agreed means before ICSID will be irrevocably compromised.

Plaintiffs have also demonstrated that the issuance of a preliminary injunction will not substantially injure the Government of Liberia. This Court also finds that it is in the public interest to enable the Parties, pursuant to their agreement, to have a meaningful arbitration before ICSID to resolve the dispute over these mineral rights in an order manner according to law.

Thus the Court finds that Plaintiffs have satisfied the requirements for issuance of a Preliminary Injunction.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiffs' Application for Preliminary Injunction is **GRANTED**;

**IT IS HEREBY FURTHER ORDERED** that the Government of Liberia and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby directed:

> (a) to take no steps to transfer title, ownership, custody, or control of Plaintiffs' mining concession and rights under the MDA;

> (b) to take no steps to waste the assets of or associated with the mining concession and rights under Plaintiffs' MDA;

> (c) to take no other actions that would disturb the status quo;

> (d) to take no other steps to alter or otherwise affect Plaintiffs' mining concession and rights;

(e) to take no steps that would prejudice ICSID's ability to adjudicate the merits of the underlying dispute.

**IT IS HEREBY FURTHER ORDERED** that without further order of this Court, this order will expire after the occurrence of any one of the following:

(1)  ICSID makes a formal determination not to register the dispute for arbitration; or

(2)  ICSID makes a decision concerning whether to order provisional measures; or

(3)  time expires for seeking provisional measures from the ICSID Tribunal after the dispute has been registered by ICSID, and no such request has been made.

**IT IS SO ORDERED.**

Dated:  July ___, 2005                    By:_____
                                                    United States District Court Judge

Please serve Order upon:

> The Government of the Republic of Liberia
> The Minister of Lands, Mines and Energy
> Ministry of Lands, Mines and Energy
> Monrovia
> Liberia
>
> Bradford A. Berenson
> Sidley Austin Brown & Wood LLP
> 1501 K Street, N.W.
> Washington, D.C.  20005